LUKE LOTT, PLAINTIFF IN ERROR, *vs.* BANKS MEACHAM, EXECUTOR OF JONATHAN THOMAS, DEFENDANT IN ERROR.

Writ of Error to Gadsden Circuit Court.

This was an action of replevin, brought by Meacham, as executor of Thomas, in the Circuit Court of Gadsden County, against Lott, for divers slaves.

Jonathan Thomas, by his last will and testament, devised and bequeathed to Mary Thomas, during her widowhood, the slaves in controversy in this case—and in the event of her subsequent marriage, the property was given to his executors in trust, to and for her sole and separate use, and for her support during her life. Upon her death, the testator directed the property to be sold, and to be divided among his six children named in the will.

Meacham, the executor, made his final settlement of the estate in July, 1836, having before that time assented to the bequest to Mrs. Thomas, and delivered the property to her. By the final order, bearing date 16th July, 1836, he was discharged from the executor-

ship, but not from the trusts committed to him by the will. Mrs. Thomas did not marry again. She continued in possession of the property until her death, which happened in November, 1846. The persons entitled under the will, upon the death of Mrs. Thomas, took possession of the slaves, and divided them by an amicable arrangement among themselves. Lott, who had intermarried with Ann Maria Thomas, one of the daughters of the testator, was in possession of the slaves in dispute in this action, under and by virtue of the aforesaid agreement, and with the consent of all the parties entitled under the will.

The Court instructed the jury, that the plaintiff, as executor of Thomas, on the death of the widow, is entitled to the possession of the property devised to her, to administer the same according to law and the directions of the will—stating, at the same time, that unless there were debts of the estate to pay, or some cause of interference by the executor, it was not disposed to allow the amicable division made by the heirs to be disturbed.

The defendant asked the following instructions : 1. That the devise and bequest in the will of the property in dispute created an estate in remainder in the persons appointed to take, after the death of Mrs. Thomas, the tenant for life, and that this estate in remainder was created at the same time with the creation of the particular or life estate.

2. That the assent of the executor to the bequest, by the delivery of the property in dispute to Mary Thomas, the tenant of the particular estate, is an assent to the remainder given to the persons named to take in remainder ; and having so assented, he cannot now retract that assent.

3. That the property in dispute being in the possession of the defendant, as one of the persons entitled to take in remainder, in virtue of his marital rights, he is entitled to that possession, as against the plaintiff in this action.

4. That the plaintiff having, by his own showing, been fully discharged by the County Court of Gadsden County from all the duties of executor, on the 16th July, 1836, cannot now maintain this action.

The Court refused to give the instructions prayed, and to that refusal, and to the instructions given by the judge, the defendant by his counsel excepted.

The jury found for plaintiff.

This cause was tried before the Hon. THOMAS BALTZELL, Judge of the Middle Circuit, at the Spring Term, 1848, of Gadsden Circuit Court.

*Dupont and Thompson*, for plaintiff in error.

*Carmack, Stephens, & Baker*, for defendant in error.

This case not being deemed in a condition to be determined, with a just regard to the rights and interests of the parties concerned, no opinion affecting their rights and interests was delivered.

The following is the judgment of the Court, delivered by HAWKINS, Justice :

The Court, after having had this case under due consideration, is of opinion that, inasmuch as its decision must depend very much upon the construction of the will of Jonathan Thomas, and as only detached portions of it are before the Court, it cannot proceed and pronounce a definitive opinion and decision upon it. The Court is, therefore, obliged to require, that it be remanded to the Circuit Court, for the purpose of having sent hither a more perfect and complete record. Whilst making this order, without intending to indicate to parties any opinion as to the course already pursued, it cannot refrain from the expression of a regret, that the case was not, in the first instance, brought on the equity side of the Court, where all the rights of the litigants could have been so fairly, and certainly far more satisfactorily adjudicated, than they can be at law.

The cause is, therefore, remanded to the Court below for such proceedings as may be necessary to carry out the foregoing views and objects.

*Per curiam.*